LITTLE *v.* NEWHOUSE *et al.*

(Division B. Jan. 30, 1933.)

[145 So. 608. No. 30394.]

C. R. Lacy, of Booneville, and **Stone & Stone,** of Coffee-
ville, for appellant.

**J. A. Cunningham,** of Booneville, for appellees.

**E. C. Sharp,** of Jackson, for appellees.

Argued orally by **W. I. Stone**, for appellant, and by **E. C. Sharp**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed his bill in the chancery court of Prentiss county against appellees, officers and directors of the Booneville Banking Company, and the executor and heirs of a deceased director, and the superintendent of banks, to recover a loss alleged by appellant to have resulted through the fault of the officers and directors of said bank. The cause was heard on original bill and

amendment thereto and demurrer. The demurrer was sustained, and this appeal granted to settle the principles of the cause.

At the time of the filing of the bill, the Booneville Banking Company had failed, and was then, at the time of the hearing, in charge of the state banking department for liquidation. One of the directors of the bank was appellee W. L. Newhouse. On January 17, 1928, he borrowed from the bank the sum of three thousand six hundred seventy-two dollars and eighty-three cents, payable to the bank or bearer. This note was due the 1st of January, 1929, and bore eight per cent interest payable annually. Appellant had money to lend; the Booneville Banking Company knew this, and wanted to borrow money. Accordingy this arrangement was made: Appellant lent the Booneville Banking Company the face of this Newhouse note, three thousand six hundred seventy-two dollars and eighty-three cents; to secure the loan the bank transferred and turned over to appellant the note and deed of trust securing the same. The note was secured by a deed of trust on land. Appellant was willing to lend his money at six per cent. They agreed that the bank should collect the interest on the note, eight per cent, retain two per cent, and turn over six per cent of the amount so collected to appellant. This was done, and continued until the bank went into liquidation.

Appellant charged in his bill that on account of the insolvency of the bank he would be unable to collect his indebtedness out of the assets of the bank, and sought to recover any deficiency, after the assets of the bank had had been prorated amongst its creditors and depositors, by foreclosure of the Newhouse mortgage, and any deficiency remaining after such foreclosure, from the officers and directors of the bank. Appellant alleged in his bill that the land covered by the Newhouse mortgage was wholly insufficient to pay the indebtedness, and in addition that after such foreclosure, and after the dis-

tribution of the assets of the bank, there would still remain a large balance due on said indebtedness. The facts stated in the bill show that appellant did not purchase the Newhouse note and mortgage outright, but took it only as collateral security for the loan made by him to the bank.

Appellant sought to hold the officers and directors of the bank personally liable for his loss upon the ground that they had violated section 3812, Code of 1930, in the making of the Newhouse loan, who, as stated, was a director of the bank. Appellant sought to hold them liable upon substantially the following allegations in its bill: That at the time of the making of the Newhouse loan Newhouse was a director in the bank; that in the making of the loan, section 3812, Code of 1930, was violated, in that "the said W. L. Newhouse was permitted to borrow the funds of the bank . . . without first having obtained the approval of a majority of the board of directors of the bank, or of an executive board or discount committee selected by a majority of the board of directors, such selection to be recorded in the minutes, and the approval of the loan, if obtained, to be made part of the records of the bank. Complainant charges that all of this law was disregarded, and also charges that the other provisions of the law in regard to loans to directors were violated so that the . . . directors . . . who participated in the loan to W. L. Newhouse . . . became and were and are liable each in his personal and individual capacity for any deficiency that may exist in the amount realized from a foreclosure of the deed of trust," and from the assets of the bank; that the effect of this amounted to obtaining said loan as the result of the fraudulent and illegal act of the bank and its directors in taking and holding and hypothecating the said obligation of said W. L. Newhouse.

It will be observed that the stockholders and creditors and depositors of the bank have no concern in this mat-

ter. The bank lost nothing whatever through the making of the Newhouse loan. Appellant turned over to the bank before its failure, and at the time the Newhouse loan was put up with him as collateral, the full amount of that loan. If the officers and directors of the bank were guilty of any unlawful conduct in reference to the making of the Newhouse loan, appellant alone has suffered. Section 3812, Code of 1930, is in this language:

"No officer, or employee of any bank in this state shall be permitted to borrow any of the funds of the bank upon his own note or obligation whether secured or not without first having obtained the approval of a majority of the board of directors of the bank, or of an executive board or discounting committee selected by a majority of the board of directors; such selection to be recorded in the minutes, and the approval of the loan, if obtained, shall be made a part of the records of the bank. And if the directors of any bank shall knowingly permit any of the officers, directors or employees of such bank to borrow the funds of such bank in an excessive or dishonest manner, or in a manner incurring great risk or loss to such bank, every director who participated in or assented to the same shall be held liable in his personal and individual capacity, for all damages which the corporation, its stockholders, or any other persons shall have sustained in consequence thereof. No officer or employee of the banking department shall be permitted to borrow money or effect any loan, directly or indirectly, of any state bank. Any such officer, director, or employee who borrows any money or funds of the bank in violation of this section or any such officer, director, or employee who knowingly permits any officer, director, or employee of the bank to borrow the funds of such bank in violation of this section shall, on conviction for each offense, be imprisoned in the state penitentiary not more than three years or be fined not more than five thousand dollars. Any officer

or employee of the banking department who borrows any money or effects any loan in violation of this section shall, on conviction for each offense, be fined not more than five thousand dollars.''

Leaving out that part of the statute which applies alone to officers and employees of the state banking department, the purpose of the statute was to prohibit officers and directors of a bank from lending the funds of the bank to any officer, director, or employee thereof ''in an excessive or dishonest manner, or in a manner incurring great risk or loss to such bank.'' The statute denounces such action as crime, and in addition provides that, if the directors of the bank knowingly permit such loans, ''every director who participated in or assented to the same shall be held liable in his personal and individual capacity, for all damages which the corporation, its stockholders, *or any other persons shall have sustained in consequence thereof.''* From the phrase just emphasized it will be observed that the intent of the statute was to protect, not only the stockholders and creditors and depositors of the bank, but any other person injured by the unlawful loan of its funds. We think appellant comes within that definition, provided, of course, he otherwise states a cause of action in his bill.

In order to make out a case under the statute against the directors, it was necessary for appellant to allege that the Newhouse loan was excessive, or that it was made in a dishonest manner or in a manner incurring great risk or loss to the bank, setting out specifically the facts on which such allegation is based; and, in addition, setting out the names of the directors who knowingly permitted the loan or who participated therein. In this respect appellant's bill is insufficient; it is not definite enough. The first clause of the statute prohibiting loans by banks to their officers or employees, without having obtained the approval of a majority of the board of directors of the bank, or executive board or discount-

ing committee selected by a majority of the board of directors, such selection to be recorded on the bank's minutes and the approval of the loan made a part of its records, had as its purpose the prevention, as far as possible, of excessive or dishonest loans, or loans made in a manner incurring great risk or loss to the bank. It was not intended by that provision of the statute to impose absolute liability on the directors of a bank for a failure to comply with it. Nor does the statute denounce such failure on the part of the directors as a crime. It is only when a failure to comply with that provision of the statute results in excessive or dishonest loans, or loans made in a manner incurring great risk or loss to the bank, that the directors are personally liable therefor, and their liability even then depends on whether they knew of or participated in the loan. A failure to comply with the first clause of the statute would not be conclusive evidence against the directors that the loan was excessive or dishonest, or made in a manner incurring great risk or loss to the bank, but it might have a material bearing on that question. It would be evidence to be considered along with the other evidence in the case. For these reasons we think the allegations of the bill are insufficient so far as the directors are concerned.

So far as the executive officers of the bank, who actually made the Newhouse loan, are concerned, they are liable, whether they knew that the loan was excessive or not upon the ground that they made it in violation of the plain provision of the statute. They were prohibited by the statute from making the loan to Newhouse, regardless of how well they thought it was being secured, without first obtaining the approval of either a majority of the board of directors, or an executive board, or discount committee set up for that purpose in the manner provided by the statute. The violation on their part of that provision of the statute carried with it liability.

Appellees argue that the heirs of M. A. Sanders, one of the directors of the bank, should not have been made parties. Both his personal representative and his heirs were made parties. If the bill should be amended so as to make a case against M. A. Sanders, his heirs should not be made parties, unless there is an insufficiency of his estate unadministered in the hands of his personal representative to pay any decree the court may render against his estate, and there has been distributed to the heirs the whole or a part of his estate. If that were true, the heirs should be parties in order to reach and make liable the assets distributed to them.

Reversed and remanded.